**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SOUTHWEST AIRLINES CO.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-CV-2218-C** |
| | § | |
| **LIBERTY INSURANCE** | § | |
| **UNDERWRITERS, INC.,** | § | |
| *Defendant.* | § | |
| | § | |

## DEFENDANT LIBERTY INSURANCE UNDERWRITER, INC.'S OPPOSED MOTION TO STRIKE PLAINTIFF'S TESTIFYING EXPERTS

Defendant Liberty Insurance Underwriter, Inc. ("Liberty") files this Opposed Motion to Strike Plaintiff's Non-Retained and Retained Testifying Experts, Daniel Bradley, Kevin Grudzien, Joseph Chairez, Andrew Ryan, and Gregory Thaler, under Federal Rule of Civil Procedure 26(a)(2)(C) and Federal Rules of Evidence 403, 702, 703, and 802.

## I. SUMMARY OF THE ARGUMENT

Pursuant to the Northern District of Texas Local Rule 7.1(d), the factual and legal grounds for this motion are set forth in Liberty's Support Brief. As fully developed in Liberty's Support Brief, the Court should grant Liberty's Opposed Motion to Strike Plaintiff's Non-Retained and Retained Testifying Experts because:

1. Plaintiff's designation of Daniel Bradley, Kevin Grudzien, Joseph Chairez, and Andrew Ryan fail to satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(C) by failing to provide a summary of the facts and opinions to which the non-retained experts will testify. Plaintiff's violation is highly prejudicial to Liberty.

2. Plaintiff's designates Joseph Chairez to testify into inadmissible conclusions of law.

3. Plaintiff's retained expert, Gregory Thaler, seeks to testify to highly prejudicial, confusing, and misleading backdoor hearsay without explanation of how or whether

accountants reasonably rely on such information in violation of Federal Rules of Evidence 403, 703, and 802.

4. Plaintiff's retained expert, Gregory Thaler, seeks to offer expert opinions on causation without any qualifications, methodology, or explanation. Gregory Thaler only provides "ipse dixit" explanations in support of his opinions regarding causation and airline industry standards in violation of Federal Rule 702.

## II. RELIEF SOUGHT

For the reasons stated above and more fully articulated in the Support Brief and pursuant to Federal Rule of Civil Procedure 37(c)(1), Liberty requests that this Court strike Plaintiff's designation of its non-retained Experts, Kevin Grudzien, Daniel Bradley, Joseph Chairez, and Andrew Ryan, and exclude any testimony or opinions from theses witnesses for all purposes.

For the reasons stated above and more fully articulated in the Support Brief and pursuant to Federal Rules of Evidence 403, 702, 703, 705, and 802, Liberty requests that this Court strike the expert report and opinions of Gregory Thaler and limit and exclude Gregory Thaler from testifying to the subject matters identified in Liberty's Support Brief.

## III. CONCLUSION

WHEREFORE, premises considered, Liberty prays that this Court enter an order granting its opposed motion to strike the opinions and testimony of Plaintiff's non-retained testifying experts, Daniel Bradley, Kevin Grudzien, Joseph Chairez, and Andrew Ryan, and its retained testifying expert, Gregory Thaler.

Respectfully submitted,

 */s/ Brad A. Allen*
Christopher W. Martin
State Bar No. 13057620
Federal Bar No. 13515
**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
808 Travis, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1701
Facsimile: (713) 222-0101
Email: martin@mdjwlaw.com

Brad A. Allen
State Bar No. 0076115
**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
11467 Huebner Rd., Suite 175
San Antonio, Texas 78230
Telephone: (210) 298-2444
Facsimile: (210) 298-2479
Email: allen@mdjwlaw.com

**ATTORNEYS FOR DEFENDANT
LIBERTY INSURANCE
UNDERWRITERS, INC**

## <u>CERTIFICATE OF CONFERENCE</u>

Brad Allen, Counsel for Liberty, and Andrew Ryan, Counsel for Southwest, conferred on February 10, 2022. Associate attorney William de los Santos forwarded the motion and brief in support to Andrew Ryan. As of the date of the filing of this motion, the Parties could not reach an agreement because the Parties disagree as to the legal arguments raised in Liberty's motion and Southwest believes that its Expert Disclosures and Gregory Thaler's report are sufficient. However, the Parties left open the possibility for reaching an agreement, in part, on the substance of dispute and will keep the Court informed of any future agreements with respect to this motion. Therefore, Southwest opposes this motion.

*/s/ Brad A. Allen*
Brad A. Allen

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 10, 2022, a true and correct copy of the foregoing document has been served on counsel for all parties via the Court's ECF system.

Andrew B. Ryan
Mitchell R. Garrett
Ryan Law Partners LLP
3811 Turtle Creek Blvd, Suite 780
Dallas, Texas 75219
E: andy@ryanlawpartners.com
E: mitch@ryanlawpartners.com

*/s/ Brad A. Allen*
Brad A. Allen