IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOUTHWEST AIRLINES CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LIBERTY INSURANCE | ) |
| UNDERWRITERS INC., | ) |
| | ) |
| Defendant. | )   Civil Action No. 3:19-CV-2218-C |

**ORDER**[1]

Before the Court are the Parties' Cross Motions for Summary Judgment. Having

considered the Motions, the Parties' briefing, and all applicable law, the Court is of the opinion

that Defendant's Motion for Summary Judgment should be **GRANTED** for the reasons stated

therein and that Plaintiff's Motion for Partial Summary Judgment should be **DENIED**.

Specifically, Defendant is entitled to summary judgment as to Plaintiff's declaratory

judgment, breach of contract, common law and statutory bad faith claims as the evidence

adduced establishes that the coverage sought for Plaintiff's claimed system failure—on which

each cause of action necessarily depends upon—does not exist as a matter of law. Here, the

system failure claim does not exceed $50 million dollars in covered loss as required for the

policy's excessive coverage to trigger. Rather, the evidence establishes that more than 30 million

dollars of Plaintiff's $77,382,779 system failure claim falls outside the subject coverage's

---

[1]The Court adopts the reasoning and arguments of Defendant's briefing as contained and
included herein.

express scope and/or within one or more of its plain and unambiguous exclusionary provisions.[2] More specifically, and as illustrated in Defendant's briefing, at least $35,779,060 of Plaintiff's system failure claim falls squarely within one or more of the coverage's exclusionary provisions, further prohibiting the insuring of indirect or remote "Loss," thereby precluding coverage under the policy, and thus Plaintiff's right to a declaration of coverage.[3] And, in the absence of coverage, Plaintiff's breach of contract claim fails as a matter of law.

Last, Plaintiff's common law and statutory bad faith claims fail, as a matter of law, because the record establishes that: (1) neither coverage nor liability for Plaintiff's system failure claim ever became reasonably clear to Defendant under the policy as there was at all times a *bona fide* dispute between the parties regarding the existence of such coverage; and (2) the absence of any resulting injury or damage to Plaintiff apart from the insured's claimed contract damages—*i.e.* that for policy benefits.[4]

---

[2] Plaintiff nevertheless seeks coverage for more than $30 million in costs it admittedly incurred not solely and directly from any system failure, but to fund its various and purely discretionary customer-related rewards programs, practices and market promotions—including but is not limited to "FareSaver Promo," "Rapid Rewards," "Vouchers," "Cover Refunds," and "Advertising" costs. These costs were necessitated not solely by the subject system failure itself, but also by Plaintiff's desire to protect against potential future losses the result of, among other things, possible customer backlash and ill will. Therefore, the costs of such damage components, even if incurred on sound business judgment, were the result of various business decisions and thus not incurred *solely* as a result of the subject system failure as required for the subject system failure coverage to trigger.

[3] *See* Def.'s Mot. for Summ. J. at pp. 24-36 (explaining how more than $35,779,060 in claimed losses are excluded as consequential damages, third-party liabilities damages, and unfavorable business condition damages.).

[4] It is well established that an insured may not recover extra-contractual damages under Texas law where, as here, the insured has no right to receive benefits under the policy and has sustained no injury independent of a right to those benefits. Defendant has demonstrated that Plaintiff's system failure claim fails to exceed the policy's $50 million threshold, and thus no policy benefits were owed. Additionally, the summary judgment record conclusively establishes that Plaintiff has suffered no injury independent of its claim for such policy benefits.

For the reasons stated herein and in Defendant's well-drafted briefing, the Court

**ORDERS** that Defendant's Motion for Summary Judgment be **GRANTED** and that Plaintiff's

Partial Summary Judgment be **DENIED**.  Any and all pending Motions are **DENIED** as

moot—including Defendant's Motion to Strike Plaintiff's testifying experts.  Defendant's

evidentiary objections—as contained within Defendant's reply brief—are **OVERRULED**.

Judgment shall be entered accordingly.

SO ORDERED.

Dated September ___, 2022.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

3